UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICROMEDIA B.V., | No. C 10-3861 EDL |
| Plaintiff, | **ORDER GRANTING MOTION TO ENFORCE SETTLEMENT AND JUDGMENT; DENYING WITHOUT PREJUDICE MOTION FOR ATTORNEY'S FEES AND COSTS** |
| v. | |
| BYTESHIELD, INC., et al, | |
| Defendants. | |
| _____/ | |

On November 8, 2011, this matter came on for hearing on Defendants' motion to enforce the settlement and judgment and motion for attorney's fees and costs. Counsel for Defendants appeared in person and Plaintiffs' counsel appeared by telephone. For the reasons stated on the record and set forth below, the Court GRANTS the motion to enforce the settlement and judgment and DENIES WITHOUT PREJUDICE Defendants' motion for attorney's fees and costs.

**I.    BACKGROUND**

This action involved a contract dispute between two business entities where Plaintiffs Micromedia, B.V. and Micromedia A.D.S. ("Micromedia") brought claims for declaratory relief, fraud in the execution, rescission, breach of contrast, and conspiracy to defraud against Defendant Byteshield, Inc. and individual defendants. The Court appointed pro bono counsel for ByteShield and then granted in part and denied in part ByteShield's motion to dismiss on May 11, 2011. See Dkt. #52. Thereafter the parties stipulated to Micromedia filing a Third Amended Complaint, and ByteShield filed an answer and counterclaim on August 23, 2011. On September 8, 2011, ByteShield filed a "Notice of Settlement and Request for Entry of Judgment" attaching

"Micromedia's Revised Offer To Compromise Pursuant to C.C.P. § 998" signed by all parties. Dkt. #60. The accepted Offer of Compromise made by Micromedia and signed by all parties provided that:

> (a) judgment shall be entered in favor of Micromedia on Micromedia's Sixth Cause of Action for Reformation as contained in the Third Amended Complaint so that the October 22, 2009 'Master Service Agreement' is reformed to strike paragraph 3(e) of Exhibit 'A';
>
> (b) judgment shall be entered declaring that all Service Orders for active Alawar games executed in or about September/October 2009 shall remain in full force and effect;
>
> (c) Micromedia's First through Fifth Causes of Action in the Third Amended Complaint as to Defendants ByteShield, Inc., Jan Samzelius and Christian Olsson shall be dismissed with prejudice;
>
> (d) judgment shall be entered in favor of Cross-Complanaint ByteShield, Inc. in the amount of TWENTY THOUSAND DOLLARS ($20,000) in satisfaction of all claims for damages, litigation costs, expenses, attorneys fees, and interest in this action and ByteShield, Inc. shall not receive any other relief requested in the Cross-Complaint or otherwise;
>
> (e) the parties shall execute mutual general releases of all other claims (other than as resolved and set forth above) which mutual general releases shall include California Civil Code §1542 waivers, and an agreement that all parties shall bear their own litigation costs, expenses, attorneys fees and interest in this action (other than as set forth above); and
>
> (f) the parties shall execute a long form settlement agreement pursuant to which the parties shall agree that Micromedia will utilize ByteShield's Digital Rights Media ("DRM") services exclusively in connection with the active Alawar games referenced in paragraph (b) above on the conditions: (i) ByteShield can establish to the satisfaction of Micromedia that its services are operational on the active Alawar games; and (ii) Alawar consents to Micromedia's use of ByteShield's services on said games. The long form settlement agreement will further provide that should either condition (i) or (ii) not be satisfied, Micromedia shall have no obligation to use ByteShield's DRM services on the Alawar games. The long form settlement agreement shall further provide that should either condition (i) or (ii) not be satisfied, the judgment and mutual releases references in paragraphs (a), (c)-(e) above shall be unaffected and fully enforceable.

Dkt. # 60. Based on the signed Offer of Compromise filed with the Court, on September 9, 2011, this Court entered Judgment "as specified in the Revised Offer of Compromise." Dkt. # 61.

2

On September 30, 2011, ByteShield filed a Motion to Enforce Settlement and Judgment, a Motion for Fees and Costs Incurred to Enforce Settlement and Judgment. ByteShield contends that, since the settlement and judgment, Micromedia has refused to pay the agreed-upon $20,000, execute the releases identified, or execute a long-form settlement agreement that complies with the terms of the parties' agreement. Instead, Micromedia is now insisting on confidentiality and non-disparagement provisions that the parties did not agree to in the Offer of Compromise. Micromedia contends that confidentiality and non-disparagement provisions are necessary because, weeks *after* the Offer of Compromise was accepted and the Court entered judgment, an employee at ByteShield sent an email to a business associate of Micromedia, stating that: "We are filing for contempt of court tomorrow which is a criminal charge. He will be arrested if he ever comes to the US, we can confiscate his US earnings and he has to pay any legal fees that we incure [sic] doing this. PLUS, it will all be public." See Marshall Decl., Ex. A. According to Micromedia, the email was in reference to Eldan Sancross, a person allegedly associated with Micromedia. Id. at ¶ 4.

## II.     Motion to Enforce Settlement And Judgment

### A.     Legal Standard

Enforcement of a settlement agreement is "more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378 (1994). A district court lacks jurisdiction to enforce a settlement agreement following a dismissal of the action unless the district judge either: (1) expressly in the dismissal order, retains jurisdiction over the settlement agreement; or (2) incorporates the terms of the settlement agreement in the dismissal order. See Kokkonen, 511 U.S. at 381. Under those circumstances, a breach of the agreement would be a violation of a court order and the district court would have ancillary jurisdiction to enforce the agreement. See id. Absent those circumstances, however, remedying any breach of the settlement agreement requires initiation of a new lawsuit to enforce the contract.

3

1  Enforcement of a federal money judgment is generally governed by Federal Rule of
2 Civil Procedure 69, which provides that: "A money judgment is enforced by a writ of
3 execution, unless the court directs otherwise. The procedure on execution – and in
4 proceedings supplementary to and in aid of judgment or execution – must accord with the
5 procedure of the state where the court is located, but a federal statute governs to the extent it
6 applies." Fed. R. Civ. P. 69.

   **B.     Analysis**

   **1.     Enforcement of Settlement Agreement**

9  Micromedia contends that the Court lacks ancillary jurisdiction to enforce the
10 settlement agreement under Kokkonen because the Court did not expressly retain
11 jurisdiction over the matter and "did not specifically incorporate the settlement terms of the
12 § 998 Agreement into the judgment but rather ordered that the judgment be entered 'as
13 specified in the Revised Offer of Compromise,'" which it contends is insufficient. Opp. at
14 6. Micromedia relies on O'Connor v. Colvin, 70 F.3d 530, 532 -533 (9th Cir. 1995), where
15 the parties to a copyright dispute filed a settlement agreement and stipulation of dismissal
16 pursuant to Rule 41(a)(1)(ii) and the court thereafter dismissed the case, stating: "Based on
17 the Settlement Agreement amongst the parties, this Stipulation for dismissal amongst the
18 parties, and for good cause: IT IS HEREBY ORDERED that the Action including all cross-
19 claims and counterclaims is dismissed in its entirety with prejudice." The Ninth Circuit
20 held that the dismissal order did not "incorporate the terms of the settlement" and was
21 therefore insufficient under Kokkonen to afford the district court ancillary jurisdiction to
22 enforce the settlement. Id. at 532. The Ninth Circuit noted that even though the dismissal
23 order was "based on" a settlement agreement overseen by and filed with the court, "the
24 settlement terms must be part of the dismissal in order for violation of the settlement
25 agreement to amount to a violation of the court's order." Id.

26 By contrast, the Judgment in this case provides that "judgment be entered *as*
27 *specified in* the Revised Offer of Compromise." Dkt. # 61 (emphasis added). As the Court
28 stated at the hearing, the Judgment incorporates the terms of the Offer of Compromise and is

enforceable by this Court under Kokkonen.  Micromedia may not refuse to execute the releases and a long form settlement agreement as agreed to in the Offer of Compromise on the ground that it insists on new confidentiality and non-disparagement provisions which it did not include in its Offer of Compromise and to which ByteShield did not agree. Furthermore, the accepted Offer of Compromise incorporated by the Court specified in paragraph (f) that "The long form agreement shall further provide that should [certain conditions] not be satisfied, the judgment and mutual releases references . . . shall be unaffected and fully enforceable."  Dkt. #60, Ex. A.  Because Micromedia admittedly has failed to abide by the Offer of Compromise by executing mutual releases or a long form settlement agreement, ByteShield's motion to enforce this portion of the agreement is GRANTED.

### 2. Enforcement of $20,000 Money Judgment

ByteShield also seeks enforcement of the $20,000 payment it claims is due pursuant to the Court's Offer of Compromise and Judgment.  As Micromedia points out, its Offer of Compromise simply agrees to entry of a $20,000 judgment against it, and does not specify a date certain by which payment will be made to satisfy that judgment.  In support of its argument that the money payment was due immediately upon the signing of the settlement agreement, ByteShield relies on California Civil Code § 1657, which governs the time for performance of a contract:

> If no time is specified for the performance of an act required to be performed, a reasonable time is allowed. If the act is in its nature capable of being done instantly--as, for example, if it consists in the payment of money only--it must be performed immediately upon the thing to be done being exactly ascertained.

At oral argument, ByteShield cited Adams v. Johns-Manville Corp., 876 F.2d 702 (9th Cir. 1989), which states the general proposition that "[u]nder California law, settlement agreements are governed by general principles of contract law."  876 F.2d at 704.  There, the Ninth Circuit was not asked to and did not apply the requirements of Section 1657 to the performance of a settlement agreement, but instead affirmed the district court's finding

5

that the defendant had entered into an enforceable contract to settle a group of cases. Id. at 706.

Micromedia argues that the motion is procedurally improper and that ByteShield should be required to sue to enforce the settlement agreement in state court and separately enforce the federal judgment through Federal Rule of Civil Procedure 69. Assuming, without deciding, that Section 1657 is applicable to the settlement agreement but is not applicable to enforcement of the Judgment, ByteShield has demonstrated that Micromedia has acted in bad faith and has failed to satisfy its contractual obligations under the settlement agreement by refusing to make payment either immediately or within a reasonable time, without any valid justification. The Court cautions Micromedia promptly to comply with the settlement agreement and satisfy its obligation to pay.

In its reply brief, ByteShield asks the Court to amend the Judgment pursuant to Rule 60(b)(1), to require Micromedia to pay the $20,000 "without further delay." Rule 60(b) provides that: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . [or] . . . (6) any other reason that justifies relief." ByteShield has not filed a separate Rule 60 motion and did not raise this issue in its moving papers. The Court therefore denies ByteShield's request for relief pursuant to Rule 60 without prejudice.

**III.  Motion for Attorneys Fees**

In conjunction with ByteShield's motion to enforce, defense counsel have filed a motion for costs and fees, seeking $7,017.50 incurred in connection with enforcement of the settlement agreement and judgment, and an additional $4,845 for the replies. ByteShield argues that Ninth Circuit law allows for recovery of fees as sanctions associated with a motion to enforce settlement, and that sanctions are warranted here because the motion to enforce a settlement agreement drafted by Micromedia that was clear on its terms should not have been required. See Doi v. Halekulani Corp., 276 F.3d 1131, 1140 (9th Cir. 2002) (affirming award of $1,000 as sanction under court's inherent power for behavior

necessitating a motion to enforce a settlement that was agreed to in open court). ByteShield contends that Micromedia's refusal to execute a long form settlement agreement is a bad faith effort to coerce ByteShield to agree to a confidentiality clause that would be detrimental to its interests so the Court should similarly exercise its inherent sanction power and award fees. See Sutro Decl. Ex. 4.

Micromedia has violated an order and judgment of the Court by failing to execute the releases and long form settlement agreement and by refusing to pay the $20,000 it agreed to pay. Though ByteShield has demonstrated that Micromedia has acted in bad faith and has engaged in self-help tactics to procure additional concessions from ByteShield in violation of the order and judgment entered by the Court, the Court declines to award sanctions at this time, but will consider a renewed motion for sanctions if Micromedia does not forthwith comply with its obligations.

## IV. CONCLUSION

For the foregoing reasons, the motion to enforce the settlement and judgment is GRANTED and the motion for attorney's fees and costs is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Dated: November 16, 2011

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
UNITED STATES MAGISTRATE JUDGE